**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

**FILED**

**March 13, 2020**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**Majed Abdullah Maliki,**
**Defendant Below, Petitioner**

**vs.)   No. 19-0118** (Wood County 18-C-AP-14)

**City of Parkersburg,**
**Plaintiff Below, Respondent**

**MEMORANDUM DECISION**

Petitioner Majed Abdullah Maliki, self-represented litigant, appeals the February 4, 2019, order of the Circuit Court of Wood County entering judgment in favor of Respondent City of Parkersburg ("the City") in the amount of $2,200, plus costs and interest, after petitioner failed to pay the monthly fee for his real estate registered on the vacant property registry pursuant to article 1765 of the City's Code of Ordinances. The City, by counsel Robert K. Tebay, III, filed a summary response.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On May 1, 2016, petitioner bought property located at 1231 20th Street in Parkersburg, West Virginia. At that time, it is undisputed that the seller informed petitioner that the property was registered on the vacant property registry pursuant to article 1765 of the City's Code of Ordinances.

Section 1765.02(a)(6) defines "vacant," in pertinent part, as follows:

A building or structure shall be deemed vacant and subject to the registration and possible penalty provisions provided herein if the exterior maintenance and major systems of the building and the surrounding real property thereof, as defined in this

1

section, are in violation of the building codes or health and sanitation codes and if there is no proof of continual utility service evidencing actual use of electric, gas (i.e., applicable heating sources), water service, etc. Continued is meant to be without more than one (1) thirty (30) day interruption in any given three-hundred sixty (360) day period. In order for such continual utility service to be considered as being actually in use as described in this section, it must be more than merely registered to the owner for purposes of billing and must be utilized, at a minimum, in order to keep the property and the major systems of the building in compliance with building and safety codes. The person or entity asserting that there has been continued utility service has the burden to produce actual bills evidencing utility service for the relevant period.[1]

(Footnote added.). Section 1765.05(b)(1) and (2) further provide, in pertinent part: "(1) [n]o fee [is assessed] for properties that are vacant for less than one (1) year; [and] (2) [o]ne-hundred dollars ($100.00) per month [is assessed] for properties that are vacant for one (1) year or more."

On September 9, 2018, the City filed a civil action against petitioner in the Magistrate Court of Wood County for the purpose of collecting unpaid vacant property fees pursuant to § 1765.05(b)(2) for the period of September 2016 through July 2018. Following a bench trial, by order entered on December 20, 2018, the magistrate court entered judgment in the City's favor in the amount of $2,203.50, plus costs and interest at 4.5% per year. On that same date, petitioner appealed the judgment to the Circuit Court of Wood County.

The circuit court held a trial de novo on January 25, 2019. At trial, the City's accounts receivable supervisor testified that water had not been used at the property since 2008 and offered the billing statement for the vacant property fee for September 2016 through July 2018.[2] Petitioner did not object to the billing statement's admission into evidence. Next, the City's code director testified that he had a time-stamped photo of petitioner's property from 2014 showing, among other defects, "the soffit falling down off the house." When the City offered the 2014 photo into evidence, petitioner did not object. The City's code director further testified that the most recent photo he had of petitioner's property was taken on January 15, 2019, ten days before the trial before the circuit court. The code director stated that the January 15, 2019, photo showed that "the fascia has totally collapsed on that far side [of the house]," that "it's not been painted," and that "there's no power at the residence[.]" Petitioner did not object to the January 15, 2019, photo's admission into evidence.

During petitioner's testimony, he stated that he lived at the property and denied the City's

---

[1] Article 1765 of the City's Code of Ordinances and the vacant property registry are authorized by West Virginia Code § 8-12-16.

[2] The City notes that the vacant property fee was not assessed for the period from May 2017 to October 2017, while the City installed a new HVAC unit on petitioner's property as a part of an assistance program.

2

assertion that he resided in nearby Vienna, West Virginia. The circuit court ruled that whether petitioner lives at the property was not relevant given § 1765.02(a)(6)'s definition for "vacant." Petitioner admitted that the water, electricity, and gas to the house were turned off at time of trial and that "the main problem . . . is the deficiencies [cited by the City,] . . . [w]hich I'm not disputing." Petitioner specifically stated that the deficiencies exist, "and I'm not objecting that they [exist]—or saying that [the City is] lying." After trial, by order entered on February 4, 2019, the circuit court awarded judgment in the City's favor in the amount of $2,200, plus costs and interest, due to petitioner's failure to pay the monthly vacant property fee for September 2016 through July 2018.[3]

Petitioner now appeals the circuit court's February 4, 2019, order. We apply the standard for reviewing a judgment entered following a bench trial:

> In reviewing challenges to the findings and conclusions of the circuit court made after a bench trial, a two-pronged deferential standard of review is applied. The final order and the ultimate disposition are reviewed under an abuse of discretion standard, and the circuit court's underlying factual findings are reviewed under a clearly erroneous standard. Questions of law are subject to a *de novo* review.

Syl. Pt. 1, *Pub. Citizen, Inc. v. First Nat'l Bank in Fairmont*, 198 W. Va. 329, 480 S.E.2d 538 (1996).

On appeal, petitioner argues that the City failed to comply with § 1765.05(b)(1), which provides an exemption for properties vacant for less than one year. We find that petitioner's argument is belied by the record. The testimony and evidence at the trial before the circuit court showed that the water has been off at the property since 2008 and that the exterior deficiencies cited by the City were present as early as 2014.[4] Given that the City sought unpaid vacant property fees for September 2016 through July 2018, we conclude that § 1765.05(b)(1) does not apply to this case.

The remainder of petitioner's arguments are difficult to decipher. However, petitioner generally argues that the circuit court erred in awarding judgment to the City. The City counters that the circuit court properly awarded it judgment in the amount of $2,200, plus costs and interest, due to petitioner's failure to pay the monthly vacant property fee for the relevant period. We agree with the City. Based on our review of the record, we find that the testimony of petitioner, the City's accounts receivable supervisor, and the City's code director, as well as the exhibits admitted at trial, all established that the City was entitled to judgment. Therefore, we conclude that the circuit

---

[3]The amount awarded to the City by the circuit court is $3.50 less than the amount awarded by the magistrate court. The City does not raise this discrepancy as a cross-assignment of error.

[4]As noted above, it is undisputed that when petitioner purchased the property in May 2016, the seller informed him that the property was registered on the vacant property registry.

3

court did not err in awarding judgment to the City in the amount of $2,200, plus costs and interest.

For the foregoing reasons, we affirm the circuit court's February 4, 2019, order awarding judgment in the City's favor.

Affirmed.

**ISSUED:** March 13, 2020

**CONCURRED IN BY:**

Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison

4